**ELKO REALTY COMPANY, Petitioner,**
v.
**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 12632.

United States Court of Appeals
Third Circuit.

Argued Nov. 7, 1958.

Decided Nov. 17, 1958.

Logan Morris, Philadelphia, Pa. (John C. Noonan, Nesbit, Morris, Pugh & Noonan, Philadelphia, Pa., on the brief), for petitioner.

Myron C. Baum, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Joseph F. Goetten, Thomas N. Chambers, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

The taxpayer asks us to review the decision of the Tax Court that it owed deficiencies in income tax for the years 1951, 1952 and 1953. The deficiencies resulted from the disallowance by the Commissioner of losses sustained by two affiliated corporations, which losses had been set off by the taxpayer against its income in consolidated returns filed by it for the years in question. The Tax Court sustained the Commissioner's determination that the principal purpose of the acquisition of the two corporations by the taxpayer was the avoidance of Federal income taxes, that the deduction of their losses from the taxpayer's income was accordingly forbidden by section 129(a) of the Internal Revenue Code of 1939, 26 U.S.C. § 129(a), and that the two corporations were in any event not affiliates of the taxpayer privileged to join in a consolidated return under section 141 of the Internal Revenue Code of 1939, 26 U.S.C. § 141 since the taxpayer's acquisition of them served no business purpose, as distinguished from a tax-reducing purpose.

It will be seen that the question upon which this case turns is a purely factual one, namely, whether the taxpayer acquired the two corporations in question for a bona fide business purpose or, as the Tax Court found, principally in order to reduce or avoid income taxes on its own income. The evidence is discussed and the facts are found in the opinion filed in the Tax Court by Judge Train, 29 T.C. 1012, and will not be detailed here. We need merely say that our examination of the evidence satisfies us that the findings of the Tax Court have substantial evidence to support them and cannot be held to be erroneous.

The decision of the Tax Court will be affirmed.