**HERCULITE PROTECTIVE FABRICS CORP., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 16600.

United States Court of Appeals
Third Circuit.

Argued Dec. 7, 1967.

Decided Jan. 9, 1968.

Robert Arum, Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for petitioner.

Albert J. Beveridge, III, Dept. of Justice, Tax Division, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before KALODNER, HASTIE and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

The petitioner is a business corporation, the stock of which was bought by Seymour Hyman on May 11, 1960, at a bargain price after it had suffered

substantial losses for several years. Operation of the business was continued substantially as before until January 31, 1961, when another corporate enterprise, also owned by Hyman, was merged with the petitioner.

The petitioner's income tax return for 1961 claimed a carry-over deduction for losses it sustained from 1956 through 1960. A small part of the loss appears to have resulted from operations after Hyman's acquisition in May, 1960.

The Commissioner disallowed the claimed deduction in its entirety, as both contrary to the provisions of section 269, Internal Revenue Code of 1954, and inconsistent with the special limitations on operating loss carry-over in section 382, and determined a tax deficiency accordingly. The Tax Court sustained the Commissioner's ruling under the provisions of section 269 without passing upon the application of section 382 to the facts of this case. This appeal followed.

■ Admittedly, the facts of this case establish a statutory presumption under section 269(c) that "the principal purpose" of the 1960 acquisition by Hyman was the "evasion or avoidance of Federal income tax". Our examination of the record satisfies us that the Tax Court's factual determination that the taxpayer's evidence did not overcome the statutory presumption and prima facie case supporting the Commissioner's determination was justified. Accordingly, so much of the deficiency as resulted from the disallowance of losses sustained before Hyman's 1960 acquisition of corporate control must stand.

■ Different considerations are presented by the additional loss suffered and claimed for the latter part of 1960 after Hyman's acquisition. The statute makes no particular reference to any losses sustained after acquisition of control. However, the Court of Appeals for the First Circuit, over the dissent of

Judge, now Chief Judge Aldrich, has held that an improper attempt of a taxpayer to deduct pre-acquisition losses so taints the acquisition that even losses which in a realistic economic sense have been incurred after acquisition should be disallowed. R. P. Collins & Co. v. United States, 1st Cir., 1962, 303 F.2d 142. But we agree with Chief Judge Aldrich that the disallowance of the carry-over of losses caused by the operation of the business after acquisition constitutes a penalty that should not be imposed in the absence of a clear legislative mandate. Certainly such post-acquisition losses would have been deductible by way of carry-over had not pre-acquisition losses also been claimed. Zanesville Investment Co. v. Commissioner of Internal Revenue, 6th Cir., 1964, 335 F.2d 507. Thus, their deduction is in no sense artificial and represents no unjust enrichment of the taxpayer. Indeed, in this case Hyman appears to have advanced money to the corporation to help finance the 1960 post-acquisition operations with resultant losses about equaling the advances. We conclude, therefore, that section 269 does not preclude the claimed post-acquisition loss deduction.

The Commissioner also contends that the post-acquisition losses should be disallowed under section 382. We think that the Tax Court should now pass upon that contention which it did not reach in its original disposition of this case.

Accordingly, the decision of the Tax Court will be vacated and the cause remanded with instructions to redetermine the amount of the deficiency in accordance with this opinion.

SEITZ, Circuit Judge (concurring in part, dissenting in part).

I agree with so much of the per curiam opinion as decides that the petitioner's losses incurred prior to Hyman's acquisition of all of its stock were not deductible because of Section 269. I can-

not agree with its further conclusion that Section 269 does not bar the petitioner's use for tax purposes of what are denominated as its "post acquisition" losses. These losses were incurred by petitioner between the date Hyman purchased all of petitioner's stock and the date approximately seven months later, when petitioner acquired all the assets of a profitably operated corporation whose stock was wholly owned by Hyman. This latter stock was owned by Hyman when he purchased petitioner's stock.

The opinion of the Tax Court in this matter (T.C.Memo.1966–277) shows that it viewed the acquisition of the assets as a vital part of a plan to secure the benefit of the petitioner's losses. Such being the case, I believe Section 269 must be applied to the facts as of the date the petitioner acquired the assets of Hyman's profitable corporation. I think our factual situation renders applicable the following language of the Second Circuit dealing with Section 269(a) (1) in J. T. Slocomb Co. v. C. I. R., 334 F.2d 269, 274 (1964):

> " * * * Preliminarily, we note that, in this case, the acquisition itself would not have produced any tax benefit to the acquiring shareholders. The further step of merging Slocomb, Green and Turbo was necessary to permit Slocomb's pre-acquisition losses to offset future Green and Turbo profits. However, it seems clear that if the merger was an integral component of the entire plan, we may look to the end result and determine the issues from the factual situation which existed then. The Tax Court's opinion considers the two transactions as integral steps of a single plan, and petitioner does not challenge this approach."

Since, in my opinion, we are not here dealing with the petitioner's tax returns for any period beyond the seven months in question, I do not consider the rule applicable to so-called true post acquisition losses.

I would affirm the Tax Court.