**HALL PAVING COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 1343.

United States District Court,
N. D. Georgia,
Gainesville Division.

Oct. 28, 1971.

Joe K. Telford, Telford, Stewart & Stephens, Gainesville, Ga., Charles W. Hall, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for plaintiff.

John W. Stokes, Jr., U. S. Atty., Julian M. Longley, Jr., Asst. U. S. Atty., Atlanta, Ga., Lawrence R. Jones, Jr., Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

SIDNEY O. SMITH, Jr., Chief Judge.

In this action for a federal income tax refund, plaintiff has moved for judgment in its favor on the ground that this Court's previous order granting plaintiff a partial summary judgment disposed of all the issues in the action. See Hall Paving Co. v. United States of America, Civil Action No. 1343 (N.D.Ga. 26 August 1971) (I.R.C. § 269 does not prohibit the offsetting of actual post-affiliation losses of a subsidiary against the post-affiliation income of the parent corporation.)

Defendant contends that one issue remains to be resolved and that its resolution will require a jury since a question of fact is determinative. Specifically, defendant submits that this question remains: whether I.R.C. § 1501 et seq. prohibited plaintiff and its subsidiaries from filing a consolidated tax return for plaintiff's tax year ending in 1963. Defendant contends that they did because these sections require companies filing a consolidated return to have become affiliated for a valid "business purpose" other than tax savings and plaintiff had no such "business purpose."

■ Plaintiff's motivation in acquiring its subsidiaries does present a question of fact. Scroll, Inc. v. Commissioner of Internal Revenue, 447 F.2d 612 (5th Cir., 1971). Thus the Court's decision depends upon its answer to this question: whether Section 1501 et seq. of the Internal Revenue Code require as a *sine qua non* for a consolidated tax return that the companies filing the return have become affiliated for a business reason other than tax savings. The Court holds they do not and, therefore, finds the consolidated return was proper.

In reaching this conclusion the Court has relied on three factors: (1) the absence of any express statement of a "business purpose test" in the section or the accompanying regulations, (2), the absence of any controlling contrary case law and the absence of any contrary persuasive authorities which cannot be readily distinguished on the ground that they involved the setting off of pre-affiliation or built-in losses while this case involves only post-affiliation losses, and (3) the absence of any distortion of plaintiff's tax liability if it is allowed to file a consolidated return.

Defendant contends that only affiliated corporations may file consolidated returns and that firms joined together only for tax savings are not affiliated for the purposes of the Code. Defendant has directed the Court's attention to no specific language in the relevant sections or regulations which supports its position. Nor has the Court found such an expression. Whether two corporations are affiliated so that they may file a consolidated return depends only upon stock ownership, not on the motivation of any of the companies in consolidating. *Accord* Hawaiian Trust Co., Ltd. v. United States, 291 F.2d 761, 768 (9th Cir. 1961), John Fox, T.C.M. 1006, 1019 (1958); 8A Mertens, Law of Federal Income Taxation § 46.09. Since there is nothing expressly in the Code or regulations which prevents plaintiff from filing a consolidated return, there seems no reason to add such a penalizing rule, especially since the Court has already held that plaintiff's tax liability was not distorted by the offsets the consolidated return made possible.

Defendant has cited cases in which other courts have read a "business purpose" limitation into the consolidated returns sections of the Code. However, it has cited no case from this circuit, and the Court has found none. Moreover, the cases cited by defendant are materially different from this case. J. D. & A. B. Spreckels v. Commissioner of Internal Revenue, 41 B.T.A. 370 (1940) and its progenies, R. P. Collins & Co., Inc. v. United States, 303 F.2d 142 (1st Cir. 1962) (a split decision) and Hawaiian Trust Co., Ltd. v. United States, 291 F. 2d 761 (9th Cir. 1961), are cases in which the taxpayer attempted to offset in a consolidated return either built-in or pre-affiliation losses of a subsidiary against its income.[1] Thus the courts were faced with facts which indicated the taxpayer's tax liability would be distorted if taxpayer successfully filed a consolidated return. In such a case the courts, knowing that tax distortion was not intended to be permitted by the Code, had some reason to make a judicial rule such as the "business purpose" test which would prevent distortion. This case is different. The setting off of real losses which have accrued both in the economic and tax sense after an affiliation is apparently precisely what Congress intended to permit by the consolidated return sections of the Code. Such setoffs do not distort, but rather reflect the true liability of a taxpayer. See generally Zanesville Investment Co. v. Commissioner of Internal Revenue, 335 F.2d 507 (6th Cir. 1964). Therefore, the very factor motivating the judicially created "business purpose" test is absent from this case. Furthermore, in view of the existence of Section 269 of the Code, the Court fails to see the need for engrafting a "business purpose" test onto the consolidated return provisions in any case. It is no coincidence that the business purpose test was created in *Spreckels* prior to the enactment of Section 129 of the 1939 Code which is the predecessor of Section 269, and now that Section

1. Elko Realty Co. v. Commissioner of Internal Revenue, 260 F.2d 949 (3rd Cir. 1958) is also relied on by the defendant and it seems somewhat closer in its facts to the case. Nevertheless the Court questions that case's significance in view of the more recent case, Herculite Protective Fabrics Corp. v. Commissioner of Internal Revenue, 387 F.2d 475, 476 (3rd Cir. 1967). To the extent *Elko* does represent a rule different from the one expressed in this order, suffice it to say this Court simply disagrees.

**672**

269 does exist, a judicially created business purpose test for consolidated returns seems redundant.

There is neither a judicial nor statutory "business purpose" prerequisite for the filing of a consolidated tax return. Under the strict construction applicable in such instances, it is concluded that even if, as a matter of fact, plaintiff had no motivation except tax savings when it acquired its subsidiaries, it could file a consolidated return.

Apparently, no issues remain in this case, and, therefore, plaintiff's motion for judgment is granted.

It is so ordered.